967 F.2d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert I. FELDMAN, aka: Robert Feldman, aka: Irwin
Feldman, aka: Aba Feldman, aka: Aba Mezie, aka:
Robert Faye, Defendant-Appellant.
 No. 91-50459.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 5, 1992.*
Decided June 17, 1992.
 
 Before WALLACE, Chief Judge, and BRUNETTI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Feldman appeals the district court's denial of his motion for an evidentiary hearing to determine the amount of assets subject to a forfeiture order. We affirm.
 
 
 3
 This is not Robert Feldman's first trip to this court.[1] The underlying facts are fully set forth in this court's decision on Feldman's earlier appeal from his fraud and racketeering convictions. United States v. Feldman, 853 F.2d 648, 651-52 (9th Cir.1988), cert. denied, 489 U.S. 1030, 109 S.Ct. 1164, 103 L.Ed.2d 222 (1989) (hereinafter, Feldman I ). We need not repeat them here.
 
 DISCUSSION
 
 4
 The district court denied Feldman's motion for an evidentiary hearing on two grounds. The court found that the supplemental materials presented by Feldman in support of his motion for an evidentiary hearing failed to raise a triable issue of fact. Moreover, the court found that Feldman had waived the right to request an evidentiary hearing by agreeing during trial to proceed on the RICO forfeiture issue on the evidence already submitted to the jury. We review the court's order for an abuse of discretion. Feldman I, 853 F.2d at 662. Since we agree that Feldman failed to raise a triable issue of fact, we do not reach the issue of waiver.
 
 
 5
 Feldman filed two declarations in support of his motion for an evidentiary hearing, both his own. Each was filled with generalities and was equivocal. Feldman asserted that he did not own certain companies and also declared that he had "no documents, nor ... any specific recollection of how the various companies used the money."
 
 
 6
 The district court did not abuse its discretion in denying Feldman an evidentiary hearing on the basis of these declarations. Feldman's statements were nothing more than a general denial that the amount of the forfeiture was accurate and an admission that he lacked the evidence or recollection to determine the correct amount. Feldman I indicated that a higher level of specificity was required to create a triable issue. 853 F.2d at 663. Feldman failed to offer a lesser figure that might be subject to forfeiture. Nor did he explain why a lack of ownership interest in the companies alone, if true, created a material issue of fact. During trial, the Government had established that many of Feldman's ventures were owned by shell corporations and trusts set up by Feldman to elude creditors and taxes. See Feldman I, 853 F.2d at 666-67 (Appendix). Given Feldman's well-documented control over the proceeds, an absence of nominal ownership of the companies does not create a triable issue of fact. Cf. United States v. Lot 4, Block 5 of Eaton Acres, 904 F.2d 487, 492, 492 n. 3 (9th Cir.1990) (affidavit was specific, but had it consisted of mere conclusory allegations, the result would have been different).
 
 
 7
 The district court was required to revisit the issue only if Feldman alleged specific facts tending to show that the jury finding was erroneous. Feldman I, 853 F.2d at 663 & 663 n. 4. Feldman failed to make that showing.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This is Feldman's second direct appeal. This court has also reviewed and denied at least three habeas petitions. See Feldman v. Cox, 924 F.2d 1062 (9th Cir.1991) (Table); Feldman v. United States, 924 F.2d 1062 (9th Cir.1991) (Table); United States v. Feldman, 924 F.2d 1063 (9th Cir.1991) (Table)